UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20013-BLOOM/Otazo-Reyes

ANTON POPKOVICH,

    Plaintiff,

v.

SERGEY SLASTIKHIN,

    Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION FOR NEW TRIAL AND
RENEWED MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Sergey Slastikhin's ("Defendant") Motion for New Trial and Renewed Motion for Leave to Amend Affirmative Defenses, ECF No. [50] ("Omnibus Post Trial Motion"). Plaintiff filed a Response, ECF No. [54] ("Response"), to which Defendant did not file a Reply. The Court has carefully reviewed the Omnibus Post Trial Motion, the Response, the record in this case, and is otherwise fully advised. For the reasons set forth below, the Court denies Defendant's Omnibus Post Trial Motion.

**I.    BACKGROUND**

Plaintiff filed his Complaint on January 4, 2021, asserting claims against Defendant for breach of contract (Count I) and unjust enrichment, plead in the alternative (Count II), seeking monetary damages pursuant to a Loan Agreement ("Agreement"). Specifically, Plaintiff sought $549,000.00, plus interest, attorney's fees, and costs. Plaintiff asserted that he paid Defendant a total of $549,000.00 and Defendant failed to repay the money loaned to him. Defendant claimed that Plaintiff breached the Agreement by only paying $150,000.00 and failing to pay the full amount required pursuant to the terms of the Agreement.

On August 8, 2022, the Court held a bench trial. *See* ECF No. [47]. Thereafter, the Court issued its Findings of Fact and Conclusions of Law. *See* ECF No. [48]. After evaluating the evidence, including the testimony and credibility of the witnesses, the Court found that Plaintiff met his burden of showing that a valid contact existed between the parties, that Plaintiff paid the total amount of $549,000.00 to Defendant, and Defendant failed to repay the amounts, placing Defendant in default and in breach of the Agreement. *Id*. at 4. The Court further found that Plaintiff suffered damages as a result of Defendant's breach. *Id*. The Court entered Final Judgment in favor of Anton Popkovich. *See* ECF No. [49].

Defendant filed its Omnibus Post Trial Motion, seeking a new trial and leave to amend affirmative defenses. ECF No. [50]. Defendant argues that a new trial is warranted because Florida's breach of contract law should have been applied and the Court erred in "not letting Defendant maned (sic) affirmative defenses to confirm (sic) to evince (sic) pursuant to Federal Rule of Civil Procedure 15(b)(2)." *Id.* at 7. Plaintiff, in his Response, contends that Defendant makes the same arguments in the Motion that he made at trial, and there is no good cause grant Defendant leave to amend his affirmative defenses. ECF No. [54]. Defendant did not file a Reply.

## II. LEGAL STANDARD

"[U]nder Rule 59(a)(1)(B), a district court may grant a new trial 'after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.'" *Jenkins v. Anton*, 922 F.3d 1257, 1264 (11th Cir. 2019) (quoting Fed. R. Civ. P. 59(a)(1)(B).). "The only grounds for granting a Rule 59 motion are new evidence or manifest errors of law or fact." *Sedlacek v. Ocwen Loan Servicing, LLC*, 844 F. App'x. 110, 113 (11th Cir. 2021); *see also Tampa Port Auth. v. M/V Duchess*, 65 F. Supp. 2d 1303, 1305 (M.D. Fla. 1998) ("In a nonjury case, a motion for a new trial should be based upon a 'manifest error of law or mistake of fact' and

should only [be] granted for 'substantial reasons.'"). "An error which does not affect the substantial rights of the parties does not constitute grounds for a new trial." *Id*. "Evaluating the merits of a Rule 59(a) motion lies within a district court's discretion." *Overseas Hardwoods Co., Inc. v. Hogan Architectural Wood Products, LLC*, CV 19-00191-N, 2021 WL 2389651, at *1 (S.D. Ala. May 12, 2021), *appeal dismissed*, 21-11951-GG, 2021 WL 4073050 (11th Cir. Aug. 23, 2021).

III.     ANALYSIS

Defendant contends that a new trial is warranted because (1) the Court did not properly apply Florida law in its analysis of the Agreement; and (2) the Court should have allowed Defendant to amend his affirmative defenses to include novation and waiver to conform to the evidence presented at trial. *See* ECF No. [50]. The Court addresses both of Defendant's arguments.

   a.  **Florida Law Controls**

Defendant first argues that Florida breach of contract law should have been applied. *Id*. at 3. Defendant contends that under Florida breach of contract law, Plaintiff needed to establish that he performed under the contract. *Id*. at 4. Defendant asserts that because Plaintiff did not demand a full payment of the entire amount under the Agreement prior to filing the instant case, he did not perform adequately under the contract. *Id*. at 5-7. Plaintiff responds that Defendant has failed to present any new evidence or demonstrate that evidentiary error caused substantial prejudice. Rather, Defendant simply makes the same arguments already rejected by the Court at trial. ECF No. [54] at 2.

While the Court agrees with Defendant that Florida law controls the interpretation of the Agreement, it agrees with Plaintiff that no new evidence or prejudicial error has been raised warranting a new trial.

The portion of the Agreement that Defendant claims Plaintiff failed to preform states:

> 3. Notwithstanding anything to the contrary in this Agreement, if the Borrower defaults in the performance of any obligation under this Agreement, then the Lender may declare the principal amount owing and interest (if any) due under this Agreement at the time to be immediately due and payable.

ECF No. [42-1] at 4. Defendant contends that relying on the plain language of this provision, "it is clear that the parties intended that in case of a default, the Plaintiff had to 'declare the principal amount owing the Agreement' to be able to sue the Defendant for default." ECF No. [50] at 6. Defendant argues that because the evidence at trial did not show that Plaintiff ever requested Defendant repay the entire amount due, Plaintiff failed to demonstrate it performed under the Agreement.

In its Findings of Fact and Conclusions of Law, the Court relied on Florida law to interpret the Agreement. *See* ECF No. [48] at 5 (citing *Merin Hunter Codman, Inc. v. Wackenhut Corrs. Corp.*, 941 So. 2d 396, 398 (Fla. 4th DCA 2006); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006); *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1357 (M.D. Fla. 2007)). The Court determined that the Agreement was a valid, executed contract, that Plaintiff performed under the Agreement by loaning Defendant $549,000.00, and that Defendant did not pay back any of the money borrowed, constituting a material breach and causing the Plaintiff to suffer damages. *Id*.

Defendant has not presented any new evidence or demonstrated that the Court's Findings of Fact or Conclusions of Law are not supported by evidence in the record. Therefore, Defendant's first argument fails.

### b. Leave to Amend Affirmative Defenses

Defendant next argues that the Court erred when it did not let Defendant amend his affirmative defenses at trial to conform to the evidence. ECF No. [50] at 7-9. Plaintiff responds

that Defendant's argument is not supported by any case law and the Court properly denied Defendant's request to amend in the middle of trial because doing so would unduly prejudice Plaintiff. ECF No. [54] at 2. The Court agrees with Plaintiff that Defendant's midtrial request to amend his affirmative defenses was appropriately denied under the circumstances.

Defendant relies on Federal Rule of Civil Procedure 15(b)(2) which governs amendments during and after trial and says in relevant part:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).

Defendant moved to amend his affirmative defenses midtrial to add both novation and waiver. ECF No. [50] at 8. Defendant argues that lack of notice for default and Plaintiff's waiver of the contractual right to receive the entire amount due by May 8, 2022, were tried by implied consent as Plaintiff did not object to questioning on those topics. *Id*. at 8-9. In support of his argument, Defendant cites two Eighth Circuit cases, *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313 (8th Cir. 2018) and *Culpepper v. Vilsack*, 664 F.3d 252 (8th Cir. 2011), for the proposition that a party who knowingly acquiesces to the introduction of evidence concerning issues beyond a pleading should not contest a Rule 15(b) motion.

The Eleventh Circuit has held that "'[I]mplied consent under Rule 15(b) will not be found if the [plaintiff] will be prejudiced; that is, if the [plaintiff] had no notice of the new issue, if the [plaintiff] could have offered additional evidence in defense, or if the [plaintiff] in some other way was denied a fair opportunity to defend.'" *Doe #6 v. Miami-Dade Cnty.*, 974 F.3d 1333, 1339 (11th Cir. 2020) (citing *Cioffe v. Morris*, 676 F.2d 539, 541–42 (11th Cir. 1982)). Where the evidence introduced is arguably relevant to pleaded issues, that evidence does not serve to give a party fair

notice of a new issue being brought into the case. *Id*. (citing *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1487 (11th Cir. 1987)).

Plaintiff argued at trial that he would be prejudiced by the attempted midtrial amendment of Defendant's affirmative defenses of novation and waiver because Plaintiff did not conduct discovery on those issues. Plaintiff also contends that there was no good cause shown to allow Defendant to seek amendment so late in the case. *See* ECF No. [54] at 2-3. Although in his brief Plaintiff addresses amendment under Rule 15(b)(1) rather than 15(b)(2), the Court also considers the evidence that Defendant argues gave rise to Plaintiff's implied consent and notice. Defendant contends that the testimony elicited about whether Plaintiff provided Defendant notice of default or requested payment of more than $5,000.00 was sufficient to put Plaintiff on notice of the affirmative defenses he then sought to add by amendment. *See* ECF No. [50]. The topics covered by Plaintiff's testimony were directly relevant to the original pleadings because both are indisputably related to terms contained in the Agreement that formed the basis for this cause of action. As such, the record does not support the conclusion that Plaintiff impliedly consented or was placed on notice of the inclusion and consideration of those affirmative defenses. *See Moss v. Am. Private Equity*, LLC, 19-14777, 2021 WL 4848138, *1 (11th Cir. Oct. 18, 2021) ("We also do not believe that the question asked of [the plaintiff] about one of the releases resulted in implied consent because the releases – which were admitted into evidence- were relevant to [the plaintiff's] fraud in the inducement claim.").

Because Defendant did not present new evidence or demonstrate that the court's ruling, denying Defendant leave to amend his affirmative defenses, was plain error, Defendant's argument fails. A new trial is not warranted.

## IV. CONCLUSION

Defendant did not meet his burden under Rule 59(a)(1)(B) to show that a new trial is appropriate, and the Court again denies Defendant's request for leave to amend his affirmative defenses for the reasons explained above.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Omnibus Post Trial Motion, **ECF No. [50]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 3, 2022

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record